IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ESTATES OF HOPE AND ERIN
BRINEY, Minors by Karina D. Clay,
Individually, as mother of Hope and Erin    OPINION AND ORDER
Briney and as daughter of DeVere and
Barbara Clay, deceased, for their estates,       08-cv-701-bbc

                      Plaintiffs,

    v.

MR. HEATER CORPORATION,
LEXINGTON INSURANCE COMPANY,
DEF INSURANCE COMPANY and
FARMERS' TOWN MUTUAL
INSURANCE COMPANY,

                      Defendants.

---

      In this civil action for money damages, plaintiffs allege that defendant Mr. Heater Corporation negligently designed, manufactured or failed to recall a propane-fueled heater that caused the carbon monoxide poisoning deaths of DeVere and Barbara Clay and their grandchildren, Hope and Erin Briney. On October 9, 2008, plaintiffs Karina Clay and the estates of Hope and Erin Briney filed suit in the Circuit Court for Dane County, Wisconsin. On December 5, 2008, defendant Mr. Heater removed this case to federal court pursuant to 28 U.S.C. § 1441(b), arguing that diversity jurisdiction existed despite the presence of defendant Farmers' Town Mutual Insurance Company, a Wisconsin corporation, because

this defendant was fraudulently joined. (Although defendant Enerco Technical Products, Inc. was a party to the notice of removal, on December 30, 2008, plaintiffs have voluntarily dismissed it from the lawsuit. Accordingly, I treat the removal notice as having been filed solely by defendant Mr. Heater.) Defendant Mr. Heater maintains that Farmers' Town is not a proper party to this lawsuit because plaintiffs' complaint contains no claims of negligence for which Farmers' Town could be liable.

Now before the court are plaintiffs' motions to remand the case to state court and for leave to file an amended complaint. The motion to remand will be denied and the motion to file an amended complaint will be granted in part and denied in part to the extent it fails to cure the pleading defects in the original complaint. Because plaintiffs have failed in either their original or amended complaint to assert a claim of negligence against either of defendant Farmers' Town's insureds, DeVere and Barbara Clay, plaintiffs cannot properly join Farmers' Town as a defendant in this case. The mere "potential" that some other party might claim that DeVere or Barbara Clay was contributorily negligent does not state a cause of action against Farmers' Town. Because the real parties to this lawsuit are completely diverse and the amount in controversy exceeds $75,000, I find that the case was properly removed to federal court pursuant to 28 U.S.C. § 1441. Jurisdiction is present under 28 U.S.C. § 1332.

From the original complaint and the documents submitted by the parties, and solely for the purpose of deciding the motion for remand, I draw the following facts:

2

ALLEGATIONS OF FACT

Plaintiff Karina Clay is an adult resident of the state of Wisconsin and the mother of Hope and Erin Briney and the daughter of DeVere and Barbara Clay. She is also the Special Administrator of the estates of Hope and Erin Briney, which were created to represent Hope and Erin Briney's interests arising from their deaths.

Defendant Mr. Heater Corporation is an Ohio corporation in the business of designing, manufacturing, producing, distributing and selling heaters. Its principal place of business is Cleveland, Ohio.

Defendant ABC and DEF insurance companies are fictitious names for insurance companies that had policies of liability insurance with one of the defendants insuring them against liability for certain accidents. (After the complaint was filed, Lexington Insurance Company filed a notice of appearance identifying itself as the party designated as "ABC Insurance Company," the insurer for Mr. Heater. Lexington is a citizen of Delaware, Massachusetts and Ohio.)

Defendant Farmers' Town Mutual Insurance Company is an insurance company organized under the laws of the state of Wisconsin and having its principal place of business in Wisconsin. Defendant Farmers' Town provided liability insurance coverage to Barbara and DeVere Clay in October 2007.

On or about October 11, 2007, DeVere Clay was an exhibitor at the World Clydesdale Show in Madison, Wisconsin with his wife, Barbara, and his granddaughters,

3

Hope Briney and Erin Briney. That evening, the four of them slept overnight in the Clays' horse trailer. To keep the trailer warm, DeVere Clay turned on his "Mr. Heater Jr.," a portable propane heater that had been manufactured, produced or sold by defendant Mr. Heater. The next morning, the Clays and their granddaughters were found dead of poisoning from carbon monoxide emitted from the Mr. Heater Jr.

Plaintiffs sued defendants in the Circuit Court for Dane County, seeking damages under theories of strict products liability and negligence for the wrongful deaths of Hope Briney and Erin Briney and for Karina Clay's related emotional distress and loss of society and companionship of her daughters and parents. With respect to defendant Farmers' Town, plaintiffs' complaint states the following (reproduced exactly as written in the complaint):

> 39. That in the event that this court or a jury considers the comparative negligence of DeVere and/or Barbara Clay, their insurer, Farmers' Town Mutual Insurance Company, is a proper party pursuant to direct action to cover any losses in this matter directly attributable to him, and plaintiffs Clay assert any and all such negligence claims against insurer defendant in this regard.
>
> 40. Upon information and belief, defendant Farmers' Town Mutual issued a policy of insurance providing liability coverage to the Clays that would potentially cover the losses suffered by the plaintiffs Estates of Hope and Erin Briney and Karina Clay.
>
> 41. Plaintiffs request that if such a finding is made that at a time before or then a declaratory action on the terms and conditions of this policy to secure liability coverage for any potential negligence of the Clays under direct action can be maintained by the plaintiffs Briney and Karina Clay.

4

OPINION

A. Remand Standard

The burden of establishing diversity jurisdiction in a removal case rests on defendant Mr. Heater, the party seeking removal. Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000). In determining whether removal was proper under 28 U.S.C. § 1441, it is presumed that plaintiffs may choose their own forum. Therefore, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); People of the State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982).

Defendant Mr. Heater contends that the parties in this case actually are diverse because plaintiffs fraudulently joined an in-state defendant, Farmers' Town Mutual Insurance, for the purpose of defeating complete diversity. A procedural term of art, "fraudulent" is shorthand for "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives [for joining the defendant]." Paulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992). Defendant bears the burden of showing fraudulent joinder. Bodine's, Inc. v. Federal Insurance Co., 601 F. Supp. 47, 49 (N.D. Ill. 1984); see also 16 Moore's Federal Practice § 107.14[2][c] at 107-62-63 (2008). To

5

establish fraudulent joinder, Mr. Heater "must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." Id.; Poulos, 959 F.2d at 73. In other words, if plaintiffs cannot maintain their suit against defendant Farmers' Town as a matter of law, then defendant Mr. Heater's motion for removal would be proper, notwithstanding Farmers' Town's opposition to the motion. Ryan v. State Board of Elections of State of Illinois, 661 F.2d 1130, 1134 (7th Cir. 1981) (consent of nominal parties not necessary for removal).

### B.  The Complaint

Plaintiffs seek to sue Farmers' Town under Wisconsin's direct action statute, Wis. Stat. § 632.24, which provides as follows:

> Direct action against insurer.  Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

Under this statute, "the complaining party may allege the insured's conduct, and the insurer's liability therefor, directly against the insurer." Estate of Otto v. Physicians Ins. Co. of Wisconsin, Inc., 2008 WI 78, ¶32, 311 Wis. 2d 84, 100, 751 N.W.2d 805, 813.  The insured is not a necessary party to the lawsuit, for the statute makes the insurer "directly liable" for the conduct of its insured.  Id.  The insurer's liability is not necessarily dependent on the insured's liability, but it *is* dependent on the conduct of its insured.  Id. at ¶35.  Thus,

6

an injured party cannot recover against the insurer "unless the insured's conduct giving rise to liability is proven." Id; see also Loy v. Bunderson, 107 Wis. 2d 400, 426, 320 N.W. 2d 175, 189 (1982) ("An insurer is directly liable to the plaintiff if the underlying conditions of negligence are satisfied"); Kranzush v. Badger State Mut. Cas. Co., 103 Wis. 2d 56, 75, 307 N.W.2d 256, 266 (1981)("the claimant has a right of action against the insurer only to the extent that he has the same right of action against the insured for his negligence"); Kujawa v. American Indem. Co., 245 Wis. 361, 366, 14 N.W.2d 31, 34 (1944) ("Of course, unless there was a cause of action against the assured Coaty at the time the instant action was commenced, there would be no right of action against his insurance carrier").

In Wisconsin, to establish a negligence claim, a plaintiff must prove: 1) the existence of a duty of care on the part of the alleged tortfeasor; 2) a breach of that duty of care; 3) a causal connection between the alleged tortfeasor's breach of the duty of care and the plaintiff's injury; and 4) actual loss or damage resulting from the injury. Kessel ex rel. Swenson v. Stansfield Vending, Inc., 2006 WI App 68, ¶ 15, 291 Wis. 2d 504, 714 N.W.2d 206. Plaintiffs' complaint asserts no such claims against the Clays. They make no allegations that there existed a duty of care, that the Clays breached that duty or that the breach caused plaintiffs' injuries. They allege simply that DeVere Clay turned on the Mr. Heater, Jr. that emitted the carbon monoxide that killed him, his wife and his granddaughters.

Even under the most liberal construction of the complaint, there is nothing to validate plaintiffs' contention that it "encompasses" DeVere's negligence. Indeed, it is plain from the

7

complaint (and plaintiffs' briefs) that plaintiffs are *not* asserting a claim against Farmers' Town for any negligent act of the Clays. Instead, it is clear the plaintiffs want to preserve the right to recover for the Clays' negligence in the event that *someone else* claims or finds that DeVere or Barbara Clay was negligent. However, when evaluating whether a plaintiff has stated a claim for relief, the court considers only facts alleged within the four corners of the complaint, not potential evidence that might come to light at trial. Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 750, 753 (7th Cir. 2002). As the court made clear in Poulos, 959 F.2d at 74, that "some facts might turn up" to support a claim against a party alleged to be fraudulently joined is not enough:

> Although Naas bears a heavy burden to establish fraudulent joinder, it need not negate any possible theory that Poulos might allege in the future: only his present allegations count. If Poulos' theory were right, he could defeat diversity jurisdiction by joining his grandmother as a defendant — surely some set of facts might make her liable.

(internal citation omitted). See also Legg v. Wyeth, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005) ("The potential for legal liability 'must be reasonable, not merely theoretical.'") (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

Plaintiffs argue that their anticipatory claim against Farmers' Town is authorized by the last clause of the statute, which provides that an insurer is liable for the negligence of its insured "irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured." Wis. Stat. § 632.24. Nothing in this phrase supports plaintiffs' position that an injured person may sue an insurer

for hypothetical claims that the person has not alleged. To the contrary, the statutory language provides merely "that liability may be imposed 'upon the insurer irrespective of whether there is a final judgment against the insured.'" Estate of Otto, 2008 WI 78, ¶36, 311 Wis. 2d at 100 (quoting Loy, 107 Wis. 2d at 421, 320 N.W. 2d 175). In other words, it is not necessary for the injured party to sue the insured and obtain a judgment against him in order for the insurer to be liable. Nonetheless, before an insurer can be held liable, the "underlying conditions of negligence" on the part of the insured must be satisfied. Loy, 107 Wis. 2d at 426, 320 N.W. 2d 175.

In their complaint, plaintiffs do not allege facts from which the underlying conditions of negligence on the part of Barbara or DeVere Clay can be inferred. Plaintiffs' cause of action against Farmers' Town is only theoretical. This is not enough. Plaintiffs must assert a claim against the Clays in order to state a claim against Farmers' Town under Wisconsin's direct action statute. Because they have not, there is no reasonable basis for finding that plaintiffs could obtain a judgment against Farmers' Town.

### C.  Plaintiffs' Motion to File Amended Complaint

Plaintiffs have moved to amend their complaint to clarify their allegations against Farmers' Town. Under Fed. R. Civ. P. 15(a), leave to amend a pleading shall be freely given when justice so requires. A court properly exercises its discretion in denying leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, Perkins v.

Silverstein, 939 F.2d 463, 472 (7th Cir. 1991), or when amending the pleading would be futile. Wilson v. American Trans Air, Inc., 874 F.2d 386, 392 (7th Cir. 1989).

In opposing plaintiffs' motion to amend, defendant relies on the general rule that the existence of diversity is determined "as of the instant of removal" and is not affected by post-removal events, including amendments to the pleadings. Matter of Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (post-removal affidavit or stipulation limiting recovery to less than jurisdictional amount does not authorize remand); see also Grupon Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 579 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting Mollan v. Torrance, 9 Wheat. 537, 539 (1824)). However, it is not clear that the general rule applies where, as here, the plaintiffs are seeking to amend their complaint to include allegations that could have been made at the time they filed their original complaint in state court. Indeed, dicta in Poulos, 959 F.2d at 74, suggests that an exception to the "time of removal" rule might exist when a plaintiff seeks to amend his complaint to cure pleading defects that support a finding of fraudulent joinder:

> Based on the allegations in his complaint, Poulos had no chance of recovering damages from RHM in a Wisconsin court. Moreover, at no point in the state or federal proceedings did Poulos attempt to fill the gaps in his complaint. Thus we may conclude that the joinder of RHM was fraudulent without deciding whether Poulos could have cured the problem with his complaint by amending it while in federal court.

In any case, it is not necessary to decide whether an exception to the general rule applies in this case. First, plaintiffs have made no argument to this effect, so they have

waived it. Muhich v. C.I.R., 238 F.3d 860, 864 n.10 (7th Cir. 2001). Second, assuming for the sake of argument that an exception exists, plaintiffs' amended complaint fails to cure the problems in the original complaint. The amended complaint states in relevant part:

> 42. That in the event that this court or a jury considers the comparative negligence of DeVere and/or Barbara Clay, plaintiffs Estates of Hope and Erin Briney and Karina Clay assert a claim against the insurer, Farmers' Town Mutual Insurance Company, which is a proper party defendant pursuant to direct action to cover any losses in this matter directly attributable to DeVere and/or Barbara Clay, and plaintiffs Estates of Hope and Erin Briney and Karina Clay assert any and all such negligence claims against Defendant Farmers Town Mutual in this regard.
>
> 43. That in the event that this court or a jury considers the comparative negligence of DeVere and/or Barbara Clay, plaintiff Karina Clay as and for her interest as daughter of either DeVere or Barbara, whoever is the non-negligent party in the comparison against the other, asserts a claim against the insurer, Farmers' Town Mutual Insurance Company, which is a proper party defendant pursuant to direct action to cover any losses in this matter directly attributable to DeVere and/or Barbara Clay, and plaintiff Karina Clay asserts any and all such negligence claims against Defendant Farmers [sic] Town Mutual for the negligence of either one of its insureds in this regard.
>
> 44. Upon information and belief, defendant Farmer's [sic] Town Mutual issued a policy of insurance providing liability coverage to DeVere and Barbara Clay that would potentially cover the losses suffered by the plaintiffs Estates of Hope and Erin Briney and Karina Clay in her capacity as mother of Hope and Erin and daughter of DeVere and Barbara for loss of society and companionship and other damages.
>
> 45. Plaintiffs request that if such a finding is made that at a time before or then a declaratory action on the terms and conditions of this policy to secure liability coverage for any potential negligence of the Clays under direct action can be maintained by the plaintiffs Briney and Karina Clay.
>
> 46. That as a direct and proximate result of the potential comparative negligence of DeVere and/or Barbara Clay, plaintiffs Estates of Hope and Erin Briney and Karina Clay sustained injuries and damages, including but not limited to the wrongful death of Hope Briney and Erin Briney, and plaintiff

>Karina Clay suffered losses as the survivorship claims as the mother of her children and the daughter of her parents.

Like the original complaint, the amended complaint alleges that plaintiffs are asserting a cause of action against Farmers' Town only for the Clays' "potential" negligence "in the event that this court or a jury considers the comparative negligence of DeVere and/or Barbara Clay." Plaintiffs still do not assert any claim of negligence on the part of DeVere or Barbara Clay or state facts from which such negligence can be inferred. Accordingly, to the extent plaintiffs seek to amend their complaint to clarify their allegations against Farmers' Town, that motion is denied.

Plaintiffs' proposed amended complaint seeks to make other, minor amendments to the original complaint. It drops Enerco Technical Products for Enerco Group, which plaintiffs assert is the holding company of Mr. Heater, substitutes Lexington Insurance for "ABC Insurance Company" and purports to clarify the familial relationships and damages sought. Nothing in defendant's briefs suggest that defendant objects to these amendments. Accordingly, I will grant plaintiffs' motion to amend their complaint for these purposes.

### D. Conclusion

Absent allegations stating a claim that DeVere or Barbara Clay's negligence led to plaintiffs' injuries, Farmers' Town is not a real party in interest. Consequently, its citizenship does not destroy the diversity that exists between the real parties in interest in this case.

In light of this conclusion, I am inclined to enter an order dismissing Farmers' Town from this action. Fed. R. Civ. P. 21 (court has discretion to dismiss party *sua sponte*). Before doing so, however, I will give the parties an opportunity to show cause why Farmers' Town should not be dismissed. This opportunity is not an invitation to re-argue the issue just decided, but to present other reasons, if any, why Farmers' Town should continue to be a defendant in this lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiffs' Estates of Hope and Erin Briney, Minors by Karina D. Clay, Individually, as mother of Hope and Erin Briney and as daughter of DeVere and Barbara Clay, deceased, for their estates, motion to remand this case to state court is DENIED.

2. Plaintiffs' Estates of Hope and Erin Briney, Minors by Karina D. Clay, Individually, as mother of Hope and Erin Briney and as daughter of DeVere and Barbara Clay, deceased, for their estates, motion for leave to file an amended complaint is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to the amendments proposed in paragraphs 42-46. It is GRANTED in all other respects.

3. The parties have until March 6, 2009, to file briefs showing cause why Farmers' Town should not be dismissed from this action. If no party has filed a brief by March 6, 2009, Farmers' Town will be dismissed.

Entered this 25th day of February, 2009.

                                BY THE COURT:

                                /s/

                                BARBARA B. CRABB
                                District Judge