IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ESTATES OF HOPE AND ERIN BRINEY,
represented by Karina Clay,
and KARINA CLAY, individually
as mother of Hope and Erin Briney
and as daughter of DeVere and Barbara Clay,
deceased, for their estates,

Plaintiffs,

v.

MR. HEATER CORPORATION,
LEXINGTON INSURANCE COMPANY, INC.,
and FARMERS' TOWN MUTUAL
INSURANCE COMPANY,

Defendants.

OPINION and ORDER

08-cv-701-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary damages, plaintiffs allege that defendant Mr. Heater Corporation was negligent in the design, manufacture and distribution of a Mr. Heater Jr. propane heater that emitted carbon monoxide and caused the deaths of Hope and Erin Briney and DeVere and Barbara Clay. Plaintiffs filed this suit initially in the Circuit Court for Dane County, Wisconsin. It was removed to this court on December 5, 2008, by defendant Mr. Heater, with the consent of Lexington Insurance Company, Inc., pursuant

to 28 U.S.C. § 1441(b). Defendant Mr. Heater alleged that this court had subject matter jurisdiction over the case because defendants Mr. Heater and Lexcionton Insurance Company are citizens of states other than Wisconsin and defendant Farmers' Town Mutual Insurance, a Wisconsin corporation, was fraudulently joined. Dkt. ##1-2. In response, plaintiffs filed a motion to remand and a motion for leave to amend their original complaint. Dkt. ##25 and 30.

In an order issued on February 26, 2009, I granted plaintiffs' motion to file a first amended complaint in part and denied plaintiffs' motion to remand. Dkt. #56. Because neither plaintiffs' original nor amended complaint contained any allegations of negligence against Farmers' Town's insured, DeVere Clay, plaintiffs could not maintain a cause of action against Farmers' Town under Wisconsin's direct action statute, Wis. Stat. § 632.24. Thus, Farmers' Town was not a proper party to this lawsuit. Without Farmers' Town as a defendant, complete diversity existed between the remaining parties and removal was proper under 28 U.S.C. § 1332. Before dismissing defendant Farmers' Town from the case, I offered plaintiffs an opportunity to show cause why this defendant should not be dismissed.

Plaintiffs responded to that offer by filing a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a) that purports to cure the pleading defects identified in the February 26 order. Specifically, plaintiffs have added allegations that DeVere Clay was negligent in the use of the propane heater manufactured by defendant Mr. Heater.

Plaintiffs seek recovery from Clay's liability insurer, Farmers' Town. In conjunction with their motion to amend their complaint, plaintiffs renew their request to remand this case to state court. Dkt. ##57-59. None of the defendants, including Farmers' Town, denies that plaintiffs' proposed second amended complaint states a claim against Farmers' Town under Wisconsin's direct action statute. Defendant Mr. Heater, joined by defendant Lexington Insurance, opposes plaintiffs' motion to amend their complaint on the ground that it comes too late and would unfairly deprive defendants of their right to removal.

I am persuaded that plaintiffs' motion to file a second amended complaint should be granted. Doing so will insure that all the alleged claims of negligence are resolved in a single dispute. This interest outweighs the removing defendants' desire to have this case tried in federal court. Now that complete diversity does not exist, this court lacks subject matter jurisdiction, making it necessary to remand the case. 28 U.S.C. 1447(e); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ALLEGATIONS OF FACT

Plaintiff Karina Clay is an adult citizen of the state of Wisconsin and the mother of Hope and Erin Briney and the daughter of DeVere and Barbara Clay. She is also the Special Administrator of the estates of Hope and Erin Briney, which were created to represent Hope

and Erin Briney's interests arising from their deaths.

Defendant Mr. Heater Corporation is an Ohio corporation in the business of designing, manufacturing, producing, distributing and selling heaters. Its principal place of business is Cleveland, Ohio.

Defendant Lexington Insurance Company is the insurer for Mr. Heater. Lexington is a citizen of Delaware, Massachusetts and Ohio.

Defendant Farmers' Town Mutual Insurance Company is an insurance company organized under the laws of the state of Wisconsin and having its principal place of business in Wisconsin. Defendant Farmers' Town provided liability insurance coverage to Barbara and DeVere Clay in October 2007.

On or about October 11, 2007, DeVere Clay was an exhibitor at the World Clydesdale Show in Madison, Wisconsin with his wife, Barbara, and his granddaughters, Hope Briney and Erin Briney. That evening, the four of them slept overnight in the Clays' horse trailer. To keep the trailer warm, DeVere Clay turned on his "Mr. Heater Jr.," a portable propane heater that had been manufactured, produced or sold by defendant Mr. Heater. The next morning, the Clays and their granddaughters were found dead of poisoning from carbon monoxide emitted from the heater.

In the February 26, 2009 order, I told plaintiffs that they could not maintain an action under Wisconsin's direct action statute against Farmers' Town, unless they asserted

negligence on the part of DeVere Clay. Order, dkt. #56, at 8-9. Wisconsin's direct action statute provides that

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

Wis. Stat. § 632.24. Under the statute, a plaintiff "may allege the insured's conduct, and the insurer's liability therefor, directly against the insurer." Estate of Otto v. Physicians Ins. Co. of Wisconsin, Inc., 311 Wis. 2d 84, 100, 751 N.W.2d 805, 813 (2008). The proposed second amended complaint states in relevant part:

> 38. That the plaintiffs assert a claim of negligence (comparative negligence) of DeVere Clay for among other respects using the Mr. Heater Jr. product in the trailer and falling asleep with it in use and thus creating CO and partially causing the death of himself, his wife Barbara Clay, and his granddaughters, Erin and Hope Briney, and by which the plaintiffs Estates of Hope and Erin Briney and Karina Clay assert a claim for DeVere Clay's negligence against the insurer, Farmers' Town Mutual Insurance Company, which is a proper party defendant pursuant to direct action to cover any losses in this matter directly attributable to DeVere Clay for his negligence, and plaintiffs Estates of Hope and Erin Briney and Karina Clay assert any and all such negligence claims against Defendant Farmers' Town Mutual in this regard.

Proposed Second Amd. Cpt., dkt. #59-2, at 8.

## OPINION

### A. Leave to Amend

Under Rule 15, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Defendant Mr. Heater opposes plaintiffs' motion to amend their complaint on essentially three grounds: (1) this court's February 26 order bars plaintiffs from filing an amended complaint; (2) plaintiffs' second amended complaint contains no justiciable controversy; and (3) plaintiffs' second amended complaint should be disallowed because it would destroy federal court jurisdiction.

As support for its first contention, defendant Mr. Heater cites the following passage from the February 26 order: "This opportunity is not an invitation to re-argue the issue just decided, but to present other reasons, if any, why Farmers' Town should continue to be a defendant in this lawsuit." Order, dkt. #56, at 13. In Mr. Heater's view, this language bars plaintiffs from attempting to amend their complaint a second time to state a claim against Farmers' Town. This is incorrect. This court's order expressly limited plaintiffs from re-arguing whether Farmers' Town was a proper party under the original or amended complaint. It did not preclude plaintiffs from filing another amended complaint with additional allegations of negligence against DeVere Clay, as plaintiffs have now done.

In cases like this one that raise allegations of fraudulent joinder to justify removal to federal court, other districts courts have held that a court may look to "factual assertions

beyond those in a plaintiff's complaint" when determining whether removal was proper under 28 U.S.C. § 1447. Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 964 (S.D. Ind. 1999) ("Where a defendant asserts fraudulent joinder based on the plaintiff's failure to state a claim upon which relief could be granted against a defendant whose presence defeats removal, this court sees no reason why the plaintiff should not be entitled to elaborate upon the pleadings"); see also Veugeler v. General Motors Corp., 1997 WL 160749, *2 (N.D. Ill. Apr. 2, 1997); Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp., 1992 WL 684355, *1 (S.D. Ind. Mar. 17, 1992)(when considering fraudulent joinder claim, court is not limited by allegations of parties' pleadings but "may pierce the pleadings and consider the entire record'") aff'd, 34 F.3d 1310, 1315-16 (7th Cir. 1994). Further, "[a] plaintiff may plead a conclusion in the complaint and then, if the conclusion is questioned in a motion to dismiss, may suggest a set of facts consistent with the allegations which, if proven, would establish the right to recover on the legal claim." Conk, 77 F. Supp. 2d at 962-63. I agree with these courts and conclude that, just as plaintiffs may submit affidavits and similar evidence to support their claim of non-fraudulent joinder, they may amend their complaints to allege facts consistent with their claims of liability.

With respect to the question of justiciability, Mr. Heater argues that plaintiffs are attempting to sue on behalf of the estate of DeVere Clay to recover for the negligence of DeVere Clay and that a party cannot bring a suit for its own negligence. In support of this

contention, Mr. Heater points to the case caption, which indicates that Karina Clay is bringing this lawsuit "for" her father's estate, as well as on behalf of her daughters' estates. I agree that the caption of plaintiffs' complaint is unclear and raises a question about whose interests Karina Clay is representing. Nonetheless, the body of the complaint does not identify the estate of DeVere Clay as a party to this suit. Clearly, the estates of Hope and Erin Briney can seek to recover from Farmers' Town for the negligence of DeVere Clay. Accordingly, I find that the proposed amended complaint raises a justiciable controversy.

Third, defendant Mr. Heater argues that to the extent plaintiffs are seeking to amend their complaint to destroy diversity jurisdiction, their motion must be denied. Mr. Heater relies on the "general rule" that parties may not amend their pleadings after removal to alter the diversity jurisdiction analysis retroactively. Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993) ("jurisdiction depends on the situation at the time of removal, and . . . once a case is successfully removed, a plaintiff cannot do anything to defeat federal jurisdiction and force a remand"). Although it is true that the existence of jurisdiction is often said to depend on the facts as they existed at the "time of removal," this rule is not without exception.

First, the purpose of the rule is to protect a defendant's statutory right of removal by insuring that plaintiffs do not manipulate their complaints for the sole purpose of defeating federal jurisdiction. For example, courts have held that subject matter jurisdiction is not

defeated by post-remand amendments that attempt to reduce the amount in controversy. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); In the Matter of Shell Oil Co., 966 F.2d 1130 (7th Cir. 1992) (plaintiffs' post-removal stipulation disclaiming amount in controversy did not defeat removal); see also Harmon v. OKI Systems, 115 F.3d 477, 479 (7th Cir. 1997) (indicating that "time of removal" rule applies when plaintiffs later "attempt [] to change the facts upon which jurisdiction was based"). Where, however, a plaintiff seeks to amend its complaint in an effort to join a party necessary for a complete adjudication of the issues in the lawsuit, as plaintiffs have done here, the rule loses force. Indeed, as I noted in the February 26 order, the Court of Appeals for the Seventh Circuit suggested in Poulous v. Naas Foods, Inc., 959 F.2d 68, 74 (7th Cir. 1992), that a plaintiff can cure a finding of fraudulent joinder after removal to federal court by amending her complaint. And of course, the removal statute itself indicates that post-removal amendments can deprive the court of diversity jurisdiction. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court"). If the "time of removal" rule were ironclad, it would be pointless to permit a district court to remand a case when joinder destroys diversity.

Contrary to Mr. Heater's contention, plaintiffs are not seeking to join Farmers' Town for the sole purpose of defeating diversity. Plaintiffs have maintained from the outset that

Farmers' Town is a proper party because of DeVere Clay's potential contributory negligence in using the heater that led to the deaths of his wife and granddaughters. Plaintiffs have explained that they did not include direct allegations against DeVere Clay until now because plaintiff Karina Clay was reluctant to attribute the deaths of her daughters and mother to her father. Dkt. #72, at 3-4. Upon obtaining a judicial determination that she would have to do so if she wished to protect her right to recover from DeVere Clay's insurer, plaintiffs amended their complaint promptly. I am persuaded that plaintiffs are amending their complaint to insure that all their claims against all potentially liable parties are litigated in the same action rather than seeking merely to manipulate the choice of forum.

Although defendant Mr. Heater's stated reasons for opposing the amended complaint do not warrant denial of plaintiffs' motion, I must determine whether leave to amend should be granted. The Court of Appeals for the Seventh Circuit has enumerated four conditions that justify denying a motion to amend: undue delay; dilatory motive on the part of the movant; repeated failure to cure previous deficiencies; and futility of the amendment. Cognitest Corporation v. Riverside Publishing Company, 107 F.3d 493, 499 (7th Cir. 1997). In addition, a motion to amend should not be granted if it will unduly prejudice the opposing party. Samuels v. Wilder, 871 F.2d 1346, 1351 (7th Cir. 1989).

Applying the Rule 15(a) considerations leads to the conclusion that plaintiffs should be allowed to amend their complaint. Plaintiffs filed their second amended complaint ten

days after this court denied their motion to remand this case to state court. The case is still in its preliminary stages: the preliminary pre-trial conference order was issued on March 26, 2009 and dispositive motions are six months away. Plaintiffs are not guilty of undue delay. Further, their amendment is not futile. By alleging the negligence of DeVere Clay, plaintiffs have cured the very defect that barred their original action against defendant Farmers' Town.

Allowing the amended complaint will not unduly prejudice defendants. As previously mentioned, this case is still at its early stages. None of the parties will suffer great hardship if the complaint is amended to include all potentially liable parties and all related claims. The only possible "prejudice" to defendants Mr. Heater and Lexington Insurance is that the new allegations will require remand to the Circuit Court of Dane County. This can hardly be called "prejudice." The underlying dispute in this case is based entirely on Wisconsin tort law. Defendant Mr. Heater has suggested no reason why a state court is not equally competent to resolve this action. In fact, it might be argued that a Wisconsin court would be the ideal forum for this type of suit. Moreover, I do not see how out-of-state defendants such as Mr. Heater and Lexington Insurance Company will be more prejudiced by litigating this case in state court in plaintiffs' home state than they would be if they were trying the case in federal court in the same state.

Last, considerations of judicial economy and consistent verdicts counsel allowing plaintiffs to amend their complaint to include Farmers Town. If the proposed second

amended complaint were denied and defendant Farmers' Town were dismissed as an improper party, plaintiffs would be required to file a second action in state court. Two different courts would be evaluating the same set of facts in two separate lawsuits. This duplication of efforts is wasteful and could lead to contradictory results. For example, one court could find that both DeVere Clay and defendant Mr. Heater were negligent and reduce plaintiffs' award commensurate with the percentage of Mr. Clay's negligence. At the same time, another court could find that DeVere Clay was not negligent and not allow plaintiffs to recover against defendant Farmers' Town. Allowing plaintiffs to litigate their claims against Farmers' Town insures that all potential negligence claims arising out of the deaths of Hope and Erin Briney and Barbara Clay are resolved in one dispute and reduces the possibility of inconsistent findings of negligence.

In sum, because the relevant factors do not justify denying plaintiffs' motion for leave to amend their complaint and judicial economy counsels in favor of resolving all of plaintiffs' related claim in one dispute, I will grant plaintiffs' motion even though it will destroy diversity.

B. Remand

"'Once an amended pleading is interposed, the original pleading no longer performs any function in the case.'" Wellness Community-National v. Wellness House, 70 F.3d 46, 49-50 (7th Cir. 1995) (quoting 6 Charles Alan Wright, Arthur Miller, & Mary Kay Kane,

Federal Practice and Procedure § 1476 at 556-57, 559 (1990)).  Therefore, this court's jurisdictional analysis does not rely on the previous complaints but most focus on plaintiff's second amended complaint because it is the operative pleading.  Wellness Community-National, 70 F.3d at 49.  In this case, the joinder of defendant Farmers' Town destroys complete diversity because Farmers Town is both incorporated and has its principal place of business in Wisconsin.  Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1492 (7th Cir. 1996) (When plaintiff seeks to join a nondiverse party, court may either deny joinder or permit joinder and remand entire action); In Re Florida Wire & Cable Co., 102 F.3d 866, 868 (7th Cir. 1996).  Because complete diversity is lacking, this court no longer has subject matter jurisdiction.  I must remand this case to the Circuit Court for Dane County.  28 U.S.C. § 1447(e).

ORDER

IT IS ORDERED that the motion for leave to filed a second amended complaint, dkt. #57, by plaintiffs Estate of Hope and Erin Briney and Karina Clay is GRANTED and this case is REMANDED to the Circuit Court of Dane County for lack of subject matter jurisdiction. The clerk of court is directed to transmit the file to the Circuit Court for Dane County.

Entered this 13th day of April, 2009.

BY THE COURT:

/s/

________________________________

BARBARA B. CRABB
District Judge